60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jonathan GURULE, Sr., Petitioner-Appellant,
v.
Peggy L. KERNAN, Warden, Respondent-Appellee.
 No. 94-16668.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jonathon Gurule, a state prisoner, appeals pro se the denial of his habeas corpus petition. We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S. Ct. 333 (1994). We affirm.
 
 
 3
 Gurule first argues that his attorney rendered ineffective assistance at trial because he elicited damaging testimony from a police officer. Officer Krull identified a photograph of Laverne Gurule as the woman he saw at a hotel shortly after the shooting at the jewelry store. This does not amount to ineffective assistance. The hotel manager had already testified she saw the Gurules at the hotel the morning of the crime. The attorney elicited Officer Krull's testimony to show that the Gurules may have been at the hotel, but the getaway car was not. Cf. Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir. 1992) (no ineffective assistance when attorney exercised professional judgment in refusing to call particular witness).
 
 
 4
 Gurule next argues that his attorney was ineffective because he failed to investigate, had six unproductive meetings with him, was afraid of him, and spent under two hours reviewing the police reports. We reject this argument because Gurule does not identify what his attorney should have done differently, especially in light of the overwhelming evidence against him, including eyewitness identifications and physicial evidence. James, 24 F.3d at 26; United States v. Molina, 934 F.2d 1440, 1448 & n.7 (9th Cir. 1991) (rejecting ineffective assistance claim because prisoner failed to show that further preparation would have affected defense in light of overwhelming evidence against him).
 
 
 5
 Gurule also contends his attorney was ineffective by failing to object to a juror's continued service after the juror's house burned down during deliberations. The parties agreed that the trial judge, in the absence of the parties, would question the juror about his ability to continue deliberations. Gurule has failed to show incompetence or prejudice. See Kimes v. United States, 939 F.2d 776, 779 (9th Cir. 1991) (no ineffective assistance in failure to object to juror when attorney had no reason to believe that juror was biased), cert. denied, 503 U.S. 936 (1992); United States v. Sears, 663 F.2d 896, 900 (9th Cir. 1981) (given its opportunity to view the jurors' demeanor, the trial court has wide discretion to determine their competency to serve on jury), cert. denied, 455 U.S. 1027 (1982).
 
 
 6
 Finally, the victim of the shooting asked Gurule to repeat the words, "Get your ass back in here" in an angry voice, because he believed he would recognize the assailant's voice. On the third try, the victim identified Gurule's voice. On cross examination, the victim testified that he had told the police he would not be able to identify visually the assailant. This procedure was not unduly suggestive, did not violate due process, and did not implicate the privilege against self incrimination. United States v. Wade, 388 U.S. 218, 221-23 (1967) (requiring a defendant to utter the words of a criminal does not violate privilege against self incrimination); United States v. Domina, 784 F.2d 1361, 1369 (9th Cir. 1986) (in-court identification of voice was not unduly suggestive), cert. denied, 479 U.S. 1038 (1987); cf. United States v. Olvera, 30 F.3d 1195, 1197 (9th Cir.) ("a defendant's utterance of a criminal statement may not have an undue influence on the jury where the jury has a clear understanding that the utterance is necessary for the identification of the defendant by a witness"), cert. denied, 115 S. Ct. 610 (1994).
 
 
 7
 Gurule raised other issues in the district court, but did not brief them on appeal; therefore, we do not address them. United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir. 1995).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3